IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROGELIO BOLUFE IZQUIERDO,

    Petitioner,

v.  No. 25-cv-01304-JB-SCY

MELISSA ORTIZ, *et al*,

    Respondents.

**ORDER TO ANSWER**

    This matter is before the Court on Petitioner Rogelio Bolufe Izquierdo's *pro se* 28 U.S.C. § 2241 Habeas Petition. Doc. 1, supplemented by Doc. 2 ("Petition"). Also before the Court are Petitioner's motions seeking an expedited review of the claims; leave to file documents via CM/ECF; and permission to proceed with the help of a next friend. *See* Docs. 3, 6. In this case, Petitioner challenges his continued immigration detention on the ground that he has not received a bond hearing.

    Having reviewed the record, the Court finds that Respondents must answer the Petition. The Court will grant the Emergency Motion for Expedited Review (Doc. 3), in part, by setting an expedited briefing schedule. The Clerk's Office shall email a copy of the Petition (Doc. 1, supplemented by Doc. 2) to Roberto Ortega, the Civil Chief at the United States Attorney's Office (USAO), and Ryan Posey, who handles most § 2241 petitions for that office. The USAO must answer the *pro se* Petition (Doc. 1, supplemented by Doc. 2) within seven (7) days of entry of this Order. *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition). Petitioner may file an optional reply within seven (7) days after the answer brief is filed.

Petitioner's remaining motion (Doc. 6) addresses two topics. First, Haymel de la Vega seeks permission to appear as Petitioner's next friend. *See* Doc. 6 at 3. Petitioner signed his own opening Petition and the supporting brief. *See* Doc. 1 at 10; Doc. 2 at 16. The next friend issue will therefore not impact the controlling pleadings, but it appears Haymel de la Vega wishes to assist Petitioner going forward. "Next friends" may prosecute a habeas proceeding "on behalf of detained prisoners who are unable . . . to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990); *see also* Advisory Committee Note to Habeas Corpus Rule 2(c)(5) ("The Committee envisions that the courts would apply [the] . . . 'next friend' standing analysis [set forth in *Whitmore*] in deciding whether the signer was actually authorized to sign the motion on behalf of the movant."). To obtain this status, the putative next friend: (1) "must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action;" and (2) "must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore*, 495 U.S. 149 at 163. The putative next friend must also generally "some significant relationship with the real party in interest." *Id.*

Haymel de la Vega explains that Petitioner is detained and faces significant limitations on his ability to litigate this matter, including restricted access to legal materials, mail, and communication. *See* Doc. 6 at 3. Haymel de la Vega also attests he has a significant relationship with Petitioner and is acting in good faith and in Petitioner's best interests. In an earlier signed filing, Petitioner states he experiences "excessive sedation through 18+ mediations daily;" he has been denied access to attorneys and legal materials; and he is not receiving necessary translations in the detention facility. *See* Doc. 3 at 2. On this record, and because Petitioner personally signed

the controlling pleadings in this case, the Court will grant Haymel de la Vega's request, in part. Haymel de la Vega may assist Petitioner in the prosecution of this case, including obtaining and translating documents; filing procedural motions/responses for Petitioner; and attending hearings *alongside* Petitioner. However, Petitioner must still appear for hearings even if Haymel de la Vega is attending. The Clerk's Office will mail Haymel de la Vega a copy of this Order. Within ten (10) days of entry of this Order, Haymel de la Vega shall provide an email address to the Clerk's Office so that he can obtain electronic copies of documents in this case.

Next, the motion seeks permission for Haymel de la Vega to file documents via CM/ECF. The Court grants Petitioner, through his next friend, permission to file electronically in this case only. *See* Guide for Pro Se Litigants at 13, District of New Mexico (October 2022) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account"). This Order only grants Petitioner permission to participate in CM/ECF; Petitioner or his next friend is responsible for registering to become a participant. *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised June 2024). The Court will revoke permission to file electronically if Petitioner abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual. Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information.

**IT IS ORDERED** that Petitioner's Emergency Motion for Expedited Review (**Doc. 3**) is **GRANTED, in part**, to the extent Petitioner seeks an expedited briefing schedule; and

Petitioner's Motion for Leave to File Documents Electronically and to Allow a Next Friend (**Doc. 6**) is **GRANTED**. The Clerk's Office will mail Haymel de la Vega a copy of this Order to the following address:

Haymel de la Vega
5085 NW 7th St., Apt 402
Miami, FL 33126

Within ten (10) days of entry of this Order, Haymel de la Vega shall provide an email address to the Clerk's Office so that he can obtain electronic copies of documents in this case

**IT IS FURTHER ORDERED** that the Clerk's Office shall forward a copy of the Petition (**Doc. 1, supplemented by Doc. 2**) and this Order to the United States Attorney's Office at the following email addresses: **roberto.ortega@usdoj.gov** (Roberto Ortega, USAO Civil Chief) and **ryan.posey@usdoj.gov** (Ryan Posey, AUSA).

**IT IS FURTHER ORDERED** that the USAO must answer the Petition within seven (7) days of entry of this Order; and if Petitioner wishes to file an optional reply, he must do so within seven (7) days after the response is filed.

**SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE