IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROGELIO BOLUFE IZQUIERDO,

    Petitioner,

v.                                                                     Civ. No. 25-1304 JB/SCY

MELISSA ORTIZ, Warden, Torrance
County Detention Facility; JOEL
GARIA, Field Office Director, El
Paso Field Office, United States
Immigration and Customs Enforcement;
TODD M. LYONS, Acting Director,
United States Immigration and Customs
Enforcement; KRISTI NOEM,
Secretary of Homeland Security; and
PAMELA JO BONDI, United States
Attorney General,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before me on Petitioner Rogelio Bolufe Izquierdo's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), Memorandum of Law in Support of Petition for Writ of Habeas Corpus (Doc. 2), and Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 10).[1] United States District Judge James Browning referred this case to me under 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990) "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the

---

[1] Although the motion to dismiss is only filed on behalf of Immigrations and Customs Enforcement, the Department of Homeland Security, and the United States Attorney General, Doc. 10, those federal Respondents acknowledge that "all arguments made on behalf of the [federal] respondents apply equally to the Warden." Doc. 9 at 1 n.1.

case." Doc. 7. Having reviewed the briefs and the law, I recommend that the Court grant the motion to dismiss and deny the petition for writ of habeas corpus.

## BACKGROUND

Petitioner Rogelio Bolufe Izquierdo is a native of Cuba and was lawfully admitted to the United States on January 22, 2020 as a B2 visa holder, expiring July 21, 2020. Doc. 10-1. Petitioner filed an I-485 (application to register permanent residence or adjust status) on October 4, 2021, which remained pending until his arrest in Florida on August 18, 2025 for drug possession. Doc. 10-2. Thereafter, Department of Homeland Security began removal proceedings for overstaying the visa and Petitioner was taken into custody of Immigration and Customs Enforcement ("ICE"). *Id.* He is currently being held at Torrance County Detention Facility. Doc. 1 at 1. On September 30, 2025, an Immigration Judge ("IJ") held a bond hearing pursuant to 8 C.F.R. § 1236 and ordered "No Action." Doc. 10-3. On November 20, 2025, an IJ denied Petitioner asylum and ordered him to be removed to Ecuador. Doc. 10-4. Petitioner appealed to the Board of Immigration Appeals ("BIA") on December 22, 2025 and that appeal is currently pending. *See* Automated Case Information, United State Department of Justice, https://acis.eoir.justice.gov/en/caseInformation (last visited January 15, 2026).

On December 24, 2025, Petitioner filed the present Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus and accompanying Memorandum of Law in Support of Petition for Writ of Habeas Corpus. Docs. 1, 2. The Court granted Petitioner leave to appear through his next friend, Haymel de la Vega, and ordered Respondents to answer the petition. Doc. 8. On January 13, 2026, Respondents filed a Motion to Dismiss. Doc. 10. Petitioner has not filed a response to the motion to dismiss and his time to do so has expired.

## LEGAL STANDARD

Respondents move to dismiss the petition under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

"As a general rule, Rule 12(b)(1) motions to dismiss for lack of jurisdiction take one of two forms: (1) facial attacks; and (2) factual attacks." *Paper, Allied-Indus., Chem. and Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). A facial attack "challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true." *Id.* In a factual attack "the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends." *Id.* When considering a factual attack, the Court may look to evidence outside the complaint and "has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1)." *Id.*; *see also Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 507 (10th Cir. 2023) ("When the moving party attacks the factual basis for subject matter jurisdiction . . ., a court may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts.") (internal quotation marks and citation omitted).

Federal Rule of Civil Procedure 12(b)(6), on the other hand, allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief. "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). The court's consideration, therefore, is limited to determining whether the complaint states a legally

3

sufficient claim upon which the court can grant relief. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The court must view a plaintiff's allegations in the light most favorable to him. *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013).

## ANALYSIS

Petitioner filed the present petition for writ of habeas corpus under 28 U.S.C. § 2241, which provides that such a writ shall extend to a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Liberally construing the pro se petition, Petitioner requests relief on several grounds, all of which Respondents move to dismiss. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). I will address each in turn.

1. **Bond Hearing**

Petitioner argues that he is in "[o]ngoing immigration detention without a bond hearing." Doc. 1 at 1; *see also* Doc. 1 at 4, Doc. 2 at 2, 7. Respondents assert that "[a]s a visa overstay, Petitioner is not subject to INA § 235 mandatory detention and remains eligible for a bond review upon request." Doc. 10 at 2. That is, Respondents agree that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226, as opposed to mandatory detention under 8 U.S.C. § 1225. However, they argue that he has already received one, and as such this claim for relief is moot and the Court lacks jurisdiction over it.

Because Respondents mount a factual attack under Rule 12(b)(1), I consider evidence outside the complaint. Specifically, Respondents provided the Court with an IJ Order from a

September 30, 2025 custody redetermination hearing with an outcome of "no action".[2] Doc. 10-3. Given that Petitioner has received a bond hearing, and that Respondents do not contest that Petitioner "remains eligible for further bond review," Doc. 10 at 1, I recommend finding that his claim for relief based on detention without a bond hearing is moot. And because this claim for relief is moot, I recommend the Court dismiss it without prejudice for lack of jurisdiction.[3] *See Keller Tank Servs. II, Inc. v. Comm'r of Internal Revenue*, 854 F.3d 1178, 1192–93 (10th Cir. 2017) ("This court lacks subject matter jurisdiction if a case is moot.").

2. **Continued Detention**

Petitioner alleges that "[u]nder *Zadvydas v. Davis*, continued detention is unconstitutional because removal is not reasonably foreseeable." Doc. 2 at 13. As explained by Chief Judge Gonzales,

> Under the Immigration and Nationality Act ("INA"), when a noncitizen is ordered removed, the Government must execute the removal within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." § 1231(a)(2). As relevant here, the "removal period begins" when the removal order "becomes administratively final." § 1231(a)(1)(B).

---

[2] Respondents explain that "no action" is a designation "typically requested by Petitioners seeking additional time to gather evidence in support of their legal or factual claims," and is different from a denial of a bond hearing for lack of jurisdiction. Doc. 10 at 2 n.1; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 2025 WL 2674169 (BIA 2025) (Immigration Judge holding that he lacked jurisdiction to hear a bond request because the respondent was subject to mandatory detention).

To the extent Petitioner is seeking to challenge the "no action" outcome, "[a]n IJ's bond determination is 'discretionary' and 'not subject to review.'" *Makarevich v. Bondi*, No. 1:25-CV-01002-KG-JHR, 2025 WL 3653895, at *1 (D.N.M. Dec. 17, 2025) (quoting 8 U.S.C. § 1226(e)).

[3] Because I recommend dismissing this claim for lack of jurisdiction, the Court need not address Respondents' argument that Petitioner failed to exhaust his administrative remedies as to a bond hearing. Doc. 10 at 8.

> Although the Government may continue to detain an "inadmissible" noncitizen beyond the 90-day removal period, *see* § 1231(a)(6), it may not detain them "indefinitely." *Zadvydas*, 533 U.S. at 699. A six-month detention is "presumptively reasonable." *Id.* at 680. This period runs only while the noncitizen is actually "detained." *Callender v. Shanahan*, 281 F. Supp. 3d 428, 435 (S.D.N.Y. 2017); *see also Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1192 (N.D. Ala.) ("*Zadvydas* time" cannot run "while a petitioner is not in custody"); *Chun Yat Ma v. Asher*, 2012 WL 1432229, at *3 (W.D. Wash.) (same). After six months, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the Government to rebut that showing. *Zadvydas*, 533 U.S. at 680.

*Jiang v. Bondi*, No. CIV 25-0922 KG/GBW, 2025 WL 3281819, at *2 (D.N.M. Nov. 25, 2025).

Here, however, *Zadvydas* does not currently apply to Petitioner's detention because he does not have a final removal order. It is undisputed that Petitioner appealed his removal order to the BIA and that appeal is currently pending. *See, e.g.*, Doc. 1 at 4; Doc. 10 at 2. Because this appeal is pending, Petitioner's removal order has not become administratively final and the removal period under *Zadvydas* has not started to run. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals.").

Petitioner also argues that "[p]rolonged detention without meaningful review violates *Jennings v. Rodriguez*." Doc. 2 at 13. In *Jennings*, the Supreme Court rejected the argument that Section 1225(b)(1), 1225(b)(2), or 1226(c) only allow for detention during the pendency of the applicable proceeding (such as removal proceedings) for a maximum of six months before a bond hearing is required. 583 U.S. 281, 298-301 (2018). And further, the Court rejected the argument that Section 1226(a) requires periodic bond hearings every six months. *Id.* at 306.

Accordingly, *Jennings* does not support Petitioner's argument that his continued detention is unlawful.[4]

I therefore recommend the Court deny Petitioner's request for relief under *Zadvydas* and *Jennings* for failure to state a claim.

### 3. Conditions of Detention

Petitioner asserts several claims regarding his conditions of confinement. *See, e.g.*, Doc. 1 at 5 (alleging unsafe, inhumane, and dangerous conditions of confinement); *id.* at 6 (denial of access to legal materials and court processes); *id.* at 7 (interference with legal mail); Doc. 2 at 8 ("Petitioner has endured torture, assault, overmedication, freezing temperatures, shackling, sleep deprivation, and threats" while detained); *id.* at 9 (deliberate indifference to serious medical needs); *id.* at 10 (denial of access to counsel, legal materials, and evidence). These claims, however, are not cognizable through a habeas corpus petition.

"The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the 'traditional function of the writ is to secure release from illegal custody.'" *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (quoting *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 811 (10th Cir. 1997)). Thus, "a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Id.* On the other

---

[4] The *Jennings* Court specifically did not reach the issue of whether prolonged detention violates constitutional rights, 583 U.S. at 312, but some lower courts have held that prolonged detention without a bond hearing can violate a noncitizen's constitutional right to due process. *See Black v. Decker*, 103 F.4th 133, 147-51 (2d Cir. 2024) (declining to adopt a brightline rule and setting forth factors to consider on a case-by-case basis as to the reasonableness of pre-removal detention); *but see Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024) ("Due process imposes no time limit on detention pending deportation."). Here, however, Petitioner has received a bond hearing and Respondents agree that he "remains eligible for further bond review." Doc. 10 at 1.

hand, "a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Id.*; *see also Richwine v. Romero*, No. CV 09-0870 JB/GBW, 2012 WL 13081847, at *22 (D.N.M. Feb. 8, 2012) (holding that claim of insufficient access to legal materials "relates to conditions of confinement, and therefore is not cognizable in a habeas corpus petition").

I therefore recommend that the Court deny without prejudice the claims for relief related to Petitioner's conditions of confinement, as such claims fail to state a claim for habeas relief. Should Petitioner wish to pursue these claims, he would need to file a separate action under 42 U.S.C. § 1983 with the appropriate court.[5]

### 4. Review of Immigration Judge's Order

Petitioner raises several arguments regarding the merits of his removal proceedings in front of an IJ. Doc. 2 at 6, 11 (interpreter errors during immigration hearing); *id.* at 6, 12 (removal order to Ecuador without legal basis); *id.* at 7, 11-12 (IJ's written order contradicts his oral statements). Fatal to Petitioner's claim for relief, however, is that the federal court's "jurisdiction to review removal proceedings requires a 'final order of removal.'" *Sosa-Valenzuela v. Gonzales*, 483 F.3d 1140, 1143 (10th Cir. 2007) (quoting 8 U.S.C. § 1252(a)). Here, as discussed above, there is no final order of removal in Petitioner's case because an appeal is pending with the BIA. Indeed, Petitioner raised these same issues in his appeal to the BIA. *See* Doc. 1 at 2. Further, judicial review over a final order of removal is granted only to the court of appeals, not district courts. *See* 8 U.S.C. § 1252(a)(5); § 1252(b)(9). Accordingly, I recommend that Court dismiss these claims for failure to state a claim.

---

[5] In his present petition, Petitioner complains about the conditions of his confinement at both the Torrence County Detention Facility in New Mexico and a detention facility in Florida.

## RECOMMENDATION

For these reasons, I recommend that the Court grant the Motion to Dismiss (Doc. 10) and deny the Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus (Doc. 1).

_____
Steven C. Yarbrough
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**