# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROGELIO BOLUFE IZQUIERDO,

        Petitioner,

      v.                          Civ. No. 25-1304 JB/SCY

MELISSA ORTIZ, Warden, Torrance
County Detention Facility; JOEL
GARIA, Field Office Director, El
Paso Field Office, United States
Immigration and Customs Enforcement;
TODD M. LYONS, Acting Director,
United States Immigration and Customs
Enforcement; KRISTI NOEM,
Secretary of Homeland Security; and
PAMELA JO BONDI, United States
Attorney General,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before me on Petitioner Rogelio Bolufe Izquierdo's amended Petition for Writ of Habeas Corpus, Doc. 18, and Motion to Stay Removal, Doc. 24. United States District Judge James Browning referred this case to me under 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990) "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 7. Having reviewed the briefs and the law, I recommend that the Court deny the motion and the habeas petitions as moot.

## BACKGROUND

Petitioner Rogelio Bolufe Izquierdo is a native of Cuba and was lawfully admitted to the United States on January 22, 2020 as a B2 visa holder, expiring July 21, 2020. Doc. 10-1.

Petitioner filed an I-485 (application to register permanent residence or adjust status) on October 4, 2021, which remained pending until his arrest in Florida on August 18, 2025 for drug possession. Doc. 10-2. Thereafter, Department of Homeland Security began removal proceedings for overstaying the visa and Petitioner was taken into custody of Immigration and Customs Enforcement ("ICE"). *Id.* On September 30, 2025, an Immigration Judge ("IJ") held a bond hearing pursuant to 8 C.F.R. § 1236 and ordered "No Action." Doc. 10-3. On November 20, 2025, an IJ denied Petitioner asylum and ordered that he be removed to Ecuador. Doc. 10-4. Petitioner appealed to the Board of Immigration Appeals ("BIA") on December 22, 2025. On March 17, 2026, the IJ held a second bond hearing and found Petitioner to be a flight risk, thus again, denying release on bond. Doc. 18 at 17; *see also* Doc. 16.

On December 24, 2025, Petitioner, who was being held in the Torrance County Detention Center, filed the first Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus and accompanying Memorandum of Law in Support of Petition for Writ of Habeas Corpus. Docs. 1, 2. In response, the Federal Respondents filed a Motion to Dismiss.[1] Doc. 10. On February 4 , 2026, I entered a Proposed Findings and Recommended Disposition ("PFRD"), recommending the Court grant the motion to dismiss and deny the petition for writ of habeas corpus. Doc. 12. Thereafter, Petitioner filed several documents which I construe as objections to the PFRD. Docs. 13, 14, 15, 16, 17.

On April 10, 2026, Petitioner filed a second habeas corpus petition. *See Izquierdo v. Torrance County Detention Center*, 26cv1117 SMD/JHR (April 15, 2026, D.N.M.) ("*Izquierdo*

---

[1] Although the motion to dismiss is only filed on behalf of Immigrations and Customs Enforcement, the Department of Homeland Security, and the United States Attorney General, Doc. 10, those Federal Respondents acknowledge that "all arguments made on behalf of the [federal] respondents apply equally to the Warden." Doc. 9 at 1 n.1.

*II*"). The Court dismissed *Izquiedro II* as duplicative of the present case and directed the Clerk's office to file the *Izquiedro II* petition as a proposed amended petition in the present case. *Id.*, Doc. 4. In accordance with this directive, the Clerk's office filed the amended petition on April 16, 2026. Doc. 18; *see also* Docs. 19, 21 (Petitioner's supplements). Given the order in *Izquiedro II*, I granted leave, pro nunc tunc, for the amended petition to be filed in the present case and explained that the Court would consider the merits of the amended petition in additional to considering the claims raised in the original petition. Doc. 20. As such, I ordered the Federal Respondents to answer the amended petition, which they did on May 12, 2026. Doc. 22; *see also* Doc. 23 (Petitioner's reply).

On May 8, 2026, Petitioner filed a notice that he had been transferred from a facility in New Mexico to an ICE Processing Center in Tacoma, Washington. Doc. 21. On May 24, 2026, Petitioner filed an Emergency Motion to Stay Removal and Notice of Due Process Violations, stating he had since been moved between several facilities including New Mexico, Montana, Arizona, and Washington. Doc. 24. Petitioner also reported that on May 2, 2026 he "contacted the Board of Immigration Appeals and was informed by telephone that a decision had been issued," as to the underlying immigration case.[2] *Id.* at 2. Petitioner then appealed to the Tenth Circuit. *See Izquierdo v. Blanche*, Case No. 26-9545 (10th Cir., May 29, 2026).

On June 3, 2026, Petitioner, filing through his approved next friend, notified the Court that he has been removed from the United States to Ecuador. Doc. 25.

---

[2] It is unclear if and when the BIA issued a decision on the underlying immigration case because, on May 12, 2026, the Federal Respondents stated that the appeal with the BIA was still pending. Doc. 22 at 2.

**DISCUSSION**

In his amended petition, Petitioner makes several arguments regarding his detention pending a final decision in the underlying immigration case: that he is entitled to an individualized bond hearing, that his detention has become punitive, that his detention is based on false information, and that he has experienced interference with legal mail and with the lawful immigration process. Doc. 18. In his emergency motion he requests a stay of his underlying removal order pending the outcome of this habeas case. Doc. 24.

Because Petitioner has now been removed from the United States, I recommend denying his habeas petitions and motion as moot. As explained by Judge Martinez,

> Under Article III, Section 2, federal judicial power is limited to "cases" or "controversies," a requirement that exists "through all stages of federal judicial proceedings, [both] trial and appellate . . . ." *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).
>
> An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 allows a person in custody to challenge the legality of that custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). "A released petitioner can only prevail where a wrongful conviction or detention has 'continuing collateral consequences' sufficient to meet the in-custody requirement." *Rodriguez-Olalde,* 2021 WL 1169712, at \*2 (citing *Spencer*, 523 U.S. at 7; *Dumas v. U.S. Parole Comm'n*, 397 F. App'x 492, 493 (10th Cir. 2010)). It is the petitioner's burden to show that adequate collateral consequences exist to prevent the case from becoming moot. *See Wilcox v. Aleman*, 43 F. App'x. 210, 212 (10th Cir. 2002) (holding that a habeas "petitioner has the burden of demonstrating the existence of sufficient collateral consequences to save the action from ... mootness ....").
>
> Petitioner's March 14, 2025 brief highlights several collateral consequences stemming from the expedited removal order. (*See* Doc. 24 at 4.) These include: (1) a five-year bar on reentry into the United States under 8 U.S.C. § 1182(a)(9)(A)(i); (2) permanent ineligibility for certain immigration benefits without a waiver, pursuant to 8 U.S.C. § 1182(a)(9)(A)(iii); and (3) personal and professional hardship, including separation from family, loss of employment, and damage to her immigration record that may adversely affect future applications

4

for entry into the United States. (*See id*.) Petitioner contends that her collateral consequences satisfy Article III's case-or-controversy requirement because, despite her removal, she maintains a "personal stake" in the outcome of this litigation. (*See id*. at 4–5.)

Accepting Petitioner's collateral consequences as true, she still fails to allege a *redressable* injury under Section 2241, which empowers courts to challenge ongoing detention and order release—not to undo a completed removal or erase its statutory penalties. In *Rodriguez-Olalde*, the court applied *Spencer v. Kemna's* mootness framework and found that allegations of post-removal danger in Mexico and prejudice to future immigration applications were "collateral consequences" in name only, as the Court "[could not] modify Petitioner's detention now that it ha[d] been completed or otherwise fashion a habeas remedy under § 2241." *Rodriguez-Olalde*, 2021 WL 1169712, at *2–3 (quotation omitted). The decision emphasized that Section 2241 offers no vehicle to *reverse* an expedited removal order; the best relief would have been a belated release determination, which a district court cannot grant once custody has ended. *See id.*; *see also Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (rejecting the notion that inability to return to one's family constitutes a detention-based injury recognized under § 2241 and clarifying that any such collateral consequence flows from the removal order, not the detention).

The same principle applies here. Even if the Court deemed Petitioner's detention flawed, release pursuant to Section 2241 would do nothing to remove her reentry bar, restore her eligibility for benefits, reunite her with her family, or cleanse her immigration record. Petitioner has been removed and released and has alleged certain harms, but those claims fail to establish any continuing legal consequences sufficient to maintain a live case or controversy that are cognizable under 28 U.S.C. § 2241.

*Dehghani v. Castro*, No. 2:25-CV-0052 MIS-DLM, 2025 WL 1937605, at *2–3 (D.N.M. July 15, 2025), report and recommendation adopted, No. 2:25-CV-00052-MIS-DLM, 2025 WL 2717845 (D.N.M. Sept. 24, 2025).

Here, the relief Petitioner requests—"immediate release from custody," and that he "not be removed while this habeas petition is pending"—is no longer available. Doc. 2 at 12; Doc. 18 at 7; Doc. 24 at 4. That is, because he has been removed, there is no redressable injury under

Section 2241 for the Court to consider. Petitioner argues that he was not provided a meaningful opportunity to challenge his removal order. Doc. 25. This argument, however, speaks to the underlying removal proceedings which Petitioner has appealed, not the present habeas proceeding. And even if Petitioner were to allege collateral consequences of his removal—as the petitioner is *Dehghani* did—such consequences of removal would not be redressable by the relief sought here: release from detention pending removal. "Because he has been deported, Petitioner's initial claim has been mooted and there is no remedy that can be granted by the court. Section 2241 provides a remedy when a petitioner is 'in custody in violation of the Constitution or laws...of the United States.'" *Valle Vargas v. De Anda-Ybara*, No. CV 25-834 JB/GBW, 2026 WL 63932, at *4 (D.N.M. Jan. 8, 2026) (citing 28 U.S.C. § 2241(c)(3)), report and recommendation adopted, 2026 WL 256810 (D.N.M. Jan. 30, 2026); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) ("[Petitioner's] challenge to the legality of his detention without an opportunity for bond or a bond hearing is moot. [Petitioner's] administrative removal order has been executed, and thus, [Petitioner] is no longer in the custody of the DHS to benefit from a bond determination or release.").

## RECOMMENDATION

Because Petitioner has been removed, the relief he requests—release from detention and a stay of removal while the habeas petition is pending—is no longer available. As such, I recommend the Court DENY AS MOOT the Petition for Writ of Habeas Corpus (Doc. 1), the amended Petition for Writ of Habeas Corpus (Doc. 18), and the Motion to Stay (Doc. 24).

_____
Steven C. Yarbrough
United States Magistrate Judge

6

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**